## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

ANTHOS AT PINEWOOD
MANOR, LLC d/b/a ANTHOS AT
PINEWOOD MANOR,

          Plaintiff,

   v.

SANTANA BELLARD,

          Defendant.

1:15-cv-4201-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Linda T. Walker's Final

Report and Recommendation ("R&R") [5], which recommends remanding this

dispossessory action to the Magistrate Court of Clayton County, Georgia.

## I.   BACKGROUND

On November 14, 2015, Plaintiff Anthos at Pinewood Manor, LLC d/b/a/

Anthos at Pinewood Manor ("Plaintiff") initiated a dispossessory proceeding

against Defendant Santana Bellard ("Defendant") in the Magistrate Court of

Clayton County, Georgia.[1]  The Complaint seeks possession of premises currently

occupied by Defendant and seeks past due rent, fees and costs.

---

[1]    No. 2015 CM 24002.

On December 2, 2015, Defendant, proceeding *pro se*, removed the Clayton County action to this Court by filing her Notice of Removal and an application to proceed *in forma pauperis* [1].  Defendant appears to assert that there is federal subject matter jurisdiction because there is a question of federal law in this action. In her Notice of Removal, Defendant claims that Plaintiff violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), the Fair Housing Act, 42 U.S.C. § 3631 et seq., and Rule 60 of the Federal Rules of Civil Procedure. (Notice of Removal at 1-2).

On February 25, 2016, Magistrate Judge Walker granted Defendant's application to proceed IFP.  The Magistrate Judge then considered, *sua sponte*, whether there is federal subject matter jurisdiction.  The Court found that federal subject matter jurisdiction was not present and recommended that the Court remand the case to the Magistrate Court of Clayton County.  The Magistrate Judge found that the Complaint filed in Magistrate Court asserts a state court dispossessory action and does not allege federal law claims.  Because a federal law defense or counterclaim does not confer federal jurisdiction, the Magistrate Judge concluded that the Court does not have federal question jurisdiction over this matter.  Although not alleged in her Notice of Removal, the Magistrate Judge also considered whether the Court has subject-matter jurisdiction based on diversity of

2

citizenship.  The Magistrate Judge found that Defendant failed to allege any facts to show that the parties' citizenship is completely diverse, or that the amount in controversy exceeds $75,000.  The Magistrate Judge concluded that the Court does not have diversity jurisdiction over this matter and that this case is required to be remanded to the state court.

On March 8, 2016, Defendant filed her Objections [7] to the R&R.

## II.     DISCUSSION

### A.     Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

Defendant's Objections are conclusory and do not address the Magistrate Judge's reasons for recommending remand.[2]  See Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to.  Frivolous, conclusive, or general objections need not be considered by the district court.").  These are not valid objections, and the Court will not consider them.  The Court reviews the R&R for plain error.

    B.    Analysis

The Magistrate Judge found that Plaintiff's Complaint does not present a federal question and that the parties are not diverse.  The Court does not find any plain error in these conclusions.  It is well-settled that federal-question jurisdiction exists only when a federal question is presented on the face of a plaintiff's well-pleaded complaint and that the assertions of defenses or counterclaims based on federal law cannot confer federal question jurisdiction over a cause of action. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002).  The record also does not show that Plaintiff and Defendant are citizens of different states, or

---

[2]    For example, Defendant states that "Pinewood manor was a horrible place to live to [sic] someone breaking into my home from my children sleeping with roachs [sic] I live on the top unit it rain's [sic] in my apartment . . . ."  (Obj. at 1).

that the amount in controversy exceeds the statutory threshold of $75,000.  <u>See</u> 28

U.S.C. § 1332(a); <u>Fed. Home Loan Mortg. Corp. v. Williams</u>, Nos.

1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan.

29, 2008) ("[A] dispossessory proceeding under Georgia law is not an ownership

dispute, but rather only a dispute over the limited right to possession, title to

property is not at issue and, accordingly, the removing Defendant may not rely on

the value of the property as a whole to satisfy the amount in controversy

requirement.").

 Because the Court lacks both federal question and diversity jurisdiction, the

Magistrate Judge recommended that this action be remanded to the magistrate

court.  <u>See</u> 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears

that the district court lacks subject matter jurisdiction, the case shall be

remanded.").  Defendant did not assert a valid objection to this recommendation

and the Court finds no plain error in it.[3]

---

[3] The Court does not find any plain error in the Magistrate Judge's conclusion
that removal is not proper based on 28 U.S.C. § 1443 and violation of the Fair
Housing Act, 42 U.S.C. § 3631 <u>et seq.</u>, because Defendant fails to allege any facts
to support that she has been denied by, or cannot enforce in, the state court her
rights under the Fair Housing Act.  <u>See, e.g.</u>, 28 U.S.C. § 1443 (providing
exception to the well-pleaded complaint rule for removal of an action that is
"[a]gainst any person who is denied or cannot enforce in the courts of such State a
right under any law providing for the equal civil rights of citizens of the United
States"); <u>Georgia v. Rachel</u>, 384 U.S. 780, 788 (1966) (Section 1443 requires

III.   **CONCLUSION**

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Santana Bellard's Objections [7] are

**OVERRULED**.

**IT IS FURTHER ORDERED** that Magistrate Judge Linda T. Walker's

Final Report and Recommendation [5] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action be **REMANDED** to the

Magistrate Court of Clayton County, Georgia.

---

defendant to show "both that the right upon which they rely is a 'right under any law providing for . . . equal civil rights,' and that they are 'denied or cannot enforce' that right in the courts of Georgia."); Rogers v. Rucker, 835 F. Supp. 1410 (N.D. Ga. 1993) (remanding dispossessory action where tenant asserted counterclaim for violation of Fair Housing Act, but failed to allege facts to support that landlord's motive in bringing action was to deter tenant from engaging in protected activity or that Georgia law denies tenant ability to enforce her rights under the Fair Housing Act; tenant asserted only discriminatory treatment in service and maintenance of her apartment); Wells Fargo Bank, N.A. v. Henley, 198 F. App'x 829, 830 (11th Cir. 2006) (defendant "failed to allege adequate grounds for removal of his dispossessory action pursuant to § 1443(1), because his claim was not based on the denial of civil rights stated in terms of racial equality . . . [and] there was no evidence that [defendant] would have been denied or could not enforce his rights in state court."). The Magistrate Judge recommended that this action be remanded for this additional reason. Defendant did not object to this recommendation and the Court finds no plain error in it.

**SO ORDERED** this 22nd day of March, 2016.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE